IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 704-492-1868 | Case No. 3:17mj 283 <br><br> **Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Clint Bridges, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 704-492-1868, (the "Target Cell Phone"), whose service provider is SunCom dba T-Mobile USA, a wireless telephone service provider headquartered in Parsippany, NJ. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.  I, Miller Clint Bridges am a Detective with Gastonia Police Department and am currently assigned as a Task Force Officer with the Drug Enforcement Administration (DEA) and have been so assigned since December 2013. I have worked as a law enforcement officer for fourteen (14) years. I have been employed with the Gastonia Police Department for eight (8) years. During my tenure at the Gastonia Police Department, I have been assigned to the special investigations division, street crime unit as well as the patrol division. Prior to being employed with the Gastonia Police Department, I was employed with the Shelby Police Department for over seven (7) years. During my tenure at the Shelby Police Department, I worked assignments in the narcotics/vice division, street crime unit as well as the patrol division. I attended a five hundred (500) hour basic law enforcement training program at Gaston College in 2002. I have

also attended various training courses where the subject matter was the interdiction of narcotics and the detection of narcotic smuggling techniques. Since December 2002, I have been involved in several investigations of individuals who derive substantial income from unlawful activities, including the importation, manufacture, cultivation, distribution, and sale of illegal controlled substances. In addition, I have experience in the execution of search warrants and the debriefing of defendants, cooperating witnesses, informants, and other persons who have personal knowledge of the amassing, spending, converting, transporting, distributing, laundering, and concealing proceeds of unlawful activities. I am familiar with the habits and practices of persons engaged in violations of controlled substance laws, and I have over twelve (12) years of experience in narcotics investigations. I have actively participated in federal and state wiretap investigations, undercover drug purchases, searches and seizures, surveillances, intelligence analyses, drug reversals, conspiracy investigations, arrests, interviews and interrogations, drug interdictions, eradications, and clandestine laboratories. I have searched numerous residences and businesses for items related directly and indirectly to drug distribution. I have been tendered as an expert witness in the field of drug trafficking in federal court, in the Western District of North Carolina.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that Benjamin Lee WALTON has violated Title 21, United States Code, Section 841 (a)(1). Benjamin Lee WALTON was charged with these crimes on July 20, 2017 and is the subject of

2

an arrest warrant issued on July 20, 2017. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Benjamin Lee WALTON, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

**PROBABLE CAUSE**

1. On July 20, 2017, a federal grand jury indicted Benjamin Lee WALTON for drug trafficking charges in the Western District of North Carolina. On the same day an accompanying warrant was issued for the arrest of Benjamin Lee WALTON. Benjamin Lee WALTON is wanted for knowingly and intentionally combine, conspire, confederate, and agree to distribute and to possess with the intent to distribute a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841 (a) (1). During the course of the investigation, Law Enforcement Officers were able to obtain the Target Cell Phone as a valid cellular telephone number for Benjamin Lee WALTON. Law Enforcement Officers were then able to independently verify that the Target Cell Phone is being used by Benjamin Lee WALTON.

2. Benjamin Lee WALTON is currently an active probationer in North Carolina for trafficking in marijuana. On August 4, 2017, a North Carolina Probation and Parole Officer spoke with Benjamin Lee WALTON via 704-492-1868 to schedule an office visit related to his probationer status. Benjamin Lee WALTON missed the appointment and no further contact has been made with him. This was the only listed contact for Benjamin Lee WALTON which lends to the conclusion Benjamin Lee WALTON is currently using phone number 704-492-1868. The purpose of applying for this warrant is to locate the Target Cellular Device and ultimately the defendant's location. There is reason to believe the Target Cellular Device and Benjamin Lee WALTON currently located somewhere within the Western District of North Carolina through

3

interviews with known family members of Benjamin Lee WALTON. However, the family members were not aware of the exact location of Benjamin Lee WALTON. A check of the number indicates that it is serviced by SunCom dba T-Mobile USA.

3. It is the experience of this investigator that fugitives will use cell phones to contact friends and family during their flight from justice. It is believed that the grant of this search warrant will lead to the location of the fugitive, Benjamin Lee WALTON, and his eventual arrest on this charge.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that Benjamin Lee WALTON was charged with a violation of Title 21, United States Code, Section 841 (a) (1). Benjamin Lee WALTON was charged with this crime and an arrest warrant was issued on July 20, 2017. There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting Benjamin Lee WALTON, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

5. In my training and experience, I have learned that SunCom dba T-Mobile USA is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell

4

towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

6. Based on my training and experience, I know that SunCom dba T-Mobile USA can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on SunCom dba T-Mobile USA's network or with such other reference points as may be reasonably available.

7. Based on my training and experience, I know that SunCom dba T-Mobile USA can collect cell-site data about the Target Cell Phone.

## AUTHORIZATION REQUEST

8. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

9. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in

Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

10. I further request that the Court direct SunCom dba T-Mobile USA to disclose to the government any information described in Attachment B that is within the possession, custody, or control of SunCom dba T-Mobile USA. I also request that the Court direct SunCom dba T-Mobile USA to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with SunCom dba T-Mobile USA's services, including by initiating a signal to determine the location of the Target Cell Phone on SunCom dba T-Mobile USA's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate SunCom dba T-Mobile USA for reasonable expenses incurred in furnishing such facilities or assistance.

11. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

12. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of

6

the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Clint bridges
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me on August 8, 2017

HONORABLE DAVID CAYER
UNITED STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF NORTH CAROLINA

# ATTACHMENT A

## Property to Be Searched

1. The cellular telephone assigned call number 704-492-1868, (the "Target Cell Phone"), whose wireless service provider is SunCom dba T-Mobile USA, a company headquartered in Parsippany, NJ.

2. Information about the location of the Target Cell Phone that is within the possession, custody, or control of SunCom dba T-Mobile USA including information about the location of the cellular telephone if it is subsequently assigned a different call number.

# ATTACHMENT B

## Particular Things to be Seized

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of SunCom dba T-Mobile USA, SunCom dba T-Mobile USA is required to disclose the Location Information to the government. In addition, SunCom dba T-Mobile USA must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with SunCom dba T-Mobile USA's services, including by initiating a signal to determine the location of the Target Cell Phone on SunCom dba T-Mobile USA's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate SunCom dba T-Mobile USA for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).